IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL EDWARD WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01024 |
| ) | Judge Crenshaw/Frensley |
| MDHA/HUD, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

This matter arises out of a dispute between Carl Watson and various individuals and entities related to Mr. Watson's prior tenancy in and subsequent eviction from housing provided by the Metropolitan Development and Housing Agency ("MDHA"). The Court has previously dismissed most of the original Defendants and many of Mr. Watson's claims. Docket No. 7. In its initial review, the Court permitted Mr. Watson's Fair Housing Act claims to proceed against MDHA and its Executive Director, James Harbison, in his official capacity. *Id.* at 1. Since then, Mr. Watson has filed more than a dozen documents that could be construed as amended complaints or documents supporting his Complaint ("Complaint-related documents"). *See, e.g.*, Docket No. 35 ("Breach of MDHA Contract"); Docket No. 48 ("MDHA, HUD and Choppin Complaint Information 1"); Docket No. 74 ("Amended Intervenor Complaint"); Docket Nos. 51, 53, 55, 57, 59, 60, 62, 68, 70, 95 ("Statement of Facts, laws, regulations and statements"); Docket No. 76 ("Claim"); and Docket No. 80 ("Declaration of laws and sample cases").

These documents range freely over a variety of topics related to struggles and difficulties that Mr. Watson has faced over the years, including trouble with his MDHA-provided housing. As best as can be ascertained, Mr. Watson contends that MDHA wrongfully evicted him in 2016 following disputes between various MDHA employees and himself related to the performance of maintenance in his apartment. Docket No. 35. He claims that he was coerced, intimidated, disrespected, insulted, threatened, and terrorized by MDHA employees and others in the course of attempted apartment repairs, due to his status as a disabled person. *Id.* at 2-7. He also claims that his belongings were taken when he was evicted. *Id.* at 1. His original Complaint alleges that "MDHA/HUD knowing that I am disabled by three federal government agencies forced me to stand, walk and sit for hours damaging my furniture, stealing anything that they wanted, as the police refused to come until after everyone had left," and that "MDHA has deliberately forced me to do unnecessary sitting, standing, walking, hearing and seeing just to name most." Docket No. 1, p. 5, 9.

The matter is now before the Court upon a "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted or in the Alternative Second Motion for a More Definite Statement" filed by MDHA and Mr. Harbison (collectively, "MDHA"). Docket No. 84. MDHA argues that Mr. Watson's Complaint-related documents do not state a claim upon which relief can be granted, and that the entire matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 84, p. 1-2. MDHA further argues that even if the matter is not dismissed on that basis, Mr. Watson's Fair Housing claims should be dismissed as time-barred. *Id.* at 2.

Mr. Watson has filed a blank document titled "Response and Objection of Statements Presented" and a document titled "Response and Objection to Very Broad Accusations." Docket Nos. 85, 87. Mr. Watson's Response is difficult to parse, but seems primarily to reiterate that he

2

is a disabled person, to recount some of his personal history since the year 2000, and to express dissatisfaction with MDHA's attorney and the judges involved in this case. Docket No. 87.

For the reasons stated below, the undersigned recommends that MDHA's Motion be GRANTED.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to

3

dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions. *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). But, pro se litigants are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

### B. Mr. Watson's Housing Discrimination Claims

The Fair Housing Act prohibits landlords from denying or making unavailable housing on the basis of a number of factors, including disability. 42 U.S.C. § 3604. Mr. Watson alleges that MDHA discriminated against him related to his housing because he is disabled. *See, e.g.*, Docket No. 35, p. 3, 5-7; Docket No. 74, p. 4.

> The Fair Housing Act makes it unlawful to discriminate against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities in connection with such dwelling," on the basis of that person's handicap. 42 U.S.C. § 3604(f)(2)(A). Discrimination prohibited by the Act includes the refusal to make reasonable accommodations in "rules, policies, practices, or services, when such accommodations may be necessary to afford [the handicapped individual an] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Moreover, the Act "imposes an affirmative duty upon landlords reasonably to accommodate the needs of handicapped persons." **United States v. California Mobile Home Park Mgmt. Co.**, 29 F.3d 1413, 1416 (9th Cir. 1994); see also H.R. Rep. No. 100-711 at 25 (1988).
>
> . . .
>
> An accommodation is reasonable when it imposes no "fundamental alteration in the nature of a program" or "undue financial or administrative burdens."

*Groner v. Golden State Gardens Apartments*, 250 F.3d 1039, 1043-44 (6th Cir. 2001), *quoting Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 795-96 (6th Cir. 1996).

Neither the original Complaint nor the Complaint-related documents allege facts that would establish that Mr. Watson was discriminated against based on his disabilities. On the contrary, at least one of the documents that he submitted is a letter from MDHA confirming that his various stated disabilities would be accommodated. Docket No. 35-1.[1] On the whole, he

---

[1] A document referred to or attached to the pleadings, and integral to plaintiff's claims, may be considered without converting a motion to dismiss into one for summary judgment. *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

relates various anecdotes that are either incomprehensible or tend to support the conclusion that Mr. Watson was evicted from MDHA housing for reasons unrelated to disability. As an example of the latter, he has attached a "Notice of Termination of Lease and Notice to Vacate" as an exhibit to his Amended Complaint. Docket No. 35-2. This document appears to be a letter to Mr. Watson from MDHA, and states in pertinent part as follows:

> Sections 8:0 and 8:V [of his lease] require Mr. Watson to allow MDHA access into his apartment to do repairs, whether or not he asked for the work to be done. On 11/7/2015, Mr. Watson sent an email requesting his floor be repaired between the hallway and the bathroom, bedroom and hallway, and hallway and living room. He requested also for the trim to be replaced and/or repaired. Mr. Watson has repeatedly refused MDHA access to perform needed repairs. MDHA notified Mr. Watson on March 1 that necessary repairs would be taking place at Mr. Watson's apartment on March 4.
>
> On March 4, Mr. Watson refused access into his apartment by maintenance and management, pulled a knife, and starting waving it at property manager Leontyne Washington and Maintenance Supervisor Gary Dooley.
>
> . . .
>
> In May, property manager Alishia Marshall notified Mr. Watson that maintenance would require access into Mr. Watson's apartment on June 1 to complete necessary repairs to the floorboards. On June1, Mr. Watson refused access into his apartment to Ms. Marshall and maintenance supervisor Mike Moss. Also on June 1, Mr. Watson refused to allow access to replace the batteries in one of his smoke detectors.

*Id.* at 1.

At a minimum, this document suggests that any further accommodations that Mr. Watson contends should have been offered by MDHA would have "imposed a fundamental alteration in the nature of the program" or caused MDHA an "undue financial or administrative burden." *See Groner*, 250 F.3d at 1043-44.

6

Mr. Watson's Complaint-related documents do not state enough facts to make a claim of housing discrimination plausible on its face. *See Twombly*, 550 U.S. at 547. Instead, the various anecdotes that he relates suggest that he did not meet MDHA's guidelines, and the documents that he himself has attached point out specific sections of his lease that were purportedly violated. *See, e.g.*, Docket No. 35-2. Although he states that he was unlawfully treated due to his disabilities, nowhere in his submissions does he allege specific facts that would substantiate such a claim. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions. *Iqbal*, 556 U.S. at 678. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

While Mr. Watson's pro se status entitles him to a liberal construction of his submissions, in this instance, there is no construction the Court can devise that allows his Complaint documents to meet the standards set forth in the established case law. *See Roberts v. City of Lancaster Code Enforcement*, No. 2:16-cv-00317, 2017 WL 1163859, 2017 U.S. Dist. LEXIS 46767, at *11 (S.D. Ohio Mar. 29, 2017) ("Even under the more liberal standard for *pro se* pleadings, this Court is not required to entertain allegations that defy comprehension") (internal quotation marks and citation omitted). Nor does the Court see, given the volume and content of previous submissions, any value in requiring Mr. Watson to submit a more definite statement pursuant to Fed. R. Civ. P. 12(e).

7

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that MDHA's "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted or in the Alternative Second Motion for a More Definite Statement (Docket No. 84) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge