# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| CARL EDWARD WATSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-01024 |
| MDHA/HUD, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is a Report and Recommendation in which the Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss (Doc. No. 84). Plaintiff has filed objections. (Doc. No. 144, 156.) The Court has conducted *de novo* of the Report and Recommendation. For the following reasons, the Report and Recommendation will be set aside, but the Motion to Dismiss will be granted.

After initial review of the *pro se* Complaint, the Court allowed Plaintiff's Fair Housing Act ("FHA"), 42 U.S.C. § 3613, claim against the Metropolitan Development and Housing Agency ("MDHA") and its Executive Director, James Harbison to proceed. (Doc. No. 7 at 7.) The Court dismissed all other claims against those and the other defendants. (Id. at 7-10.) Plaintiff then (1) untimely and without leave of Court filed an Amended Complaint asserting a state law cause of action for breach of contract (Doc. No. 35), and (2) untimely and without leave of Court filed an "Amended Intervenor Complaint" that reasserted previously a dismissed claim (Doc. No. 74).

Defendants filed a Rule 12(b)(6) motion to dismiss. The sole ground asserted for dismissal is that Plaintiff's FHA claim is barred by the FHA's statute of limitations. (See Doc. No. 84 at 2-3.) For reasons that are unclear, the Magistrate Judge did not address Defendant's statute of

limitations argument in the Report and Recommendation, instead performing a substantive analysis of Plaintiff's FHA claim. (See Doc. No. 107.) However, when a Rule 12(b)(6) motion is made on a statute of limitations ground, Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 744 (6th Cir. 1992), the Court must decide whether "it is apparent from the face of the complaint that the limit for bringing the claim[s] has passed." Bishop v. Lucent Techs., Inc., 520 F.3d 516, 520 (6th Cir. 2008) (alteration in original); Howell v. Farris, 655 F. App'x 349, 350 (6th Cir. 2016) ("[I]t is clear that we must decide whether it is apparent from the face of the complaint that the limit for bringing the claim[s] has passed.") (internal quotation marks and citations omitted). If that is the case, a plaintiff cannot "escape the statute [of limitations] by saying nothing." Id. (citing Hoover, 958 F.2d at 745). A plaintiff must respond by pleading additional facts in avoidance of the statute of limitations or explaining why the statute of limitations should be tolled. Id.; CapStar Bank v. Perry, No. 3:17-cv-01221, 2018 WL 3389712, at *12 (M.D. Tenn. July 12, 2018).

Under the FHA, an action must be brought within two years of "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613. Plaintiff admits that he was evicted on September 28, 2016, (see Doc. No. 87 at 1), and does not allege a series of continuing violations beyond that time. Thus, the alleged discrimination under the FHA "occurred" or "terminated" no later than September 28, 2016 and Plaintiff's action needed to be filed within two years of that date. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363, 381 (1982) (noting that FHA "[s]tatutes of limitations . . . are intended to keep stale claims out of the courts" and enforcing time bar in the absence of allegations of continuing violations into limitations period). Plaintiff's action therefore had to be filed by September 28, 2018. However, this action was not filed until October 5, 2018. Watson's FHA claim is untimely.

Plaintiff filed a related lawsuit in 2016 that was dismissed without prejudice in 2017. However, the Tennessee Savings Statute, Tennessee Code Annotated § 28-1-105, does not operate to preserve the timeliness of Plaintiff's current FHA claim, because an FHA claim is not subject to a state limitations period. The FHA includes a limitations period "written into the federal statute itself," Primm v. Tenn. Dep't of Corr., No. 3:19-cv-00690, 2019 WL 4038330, at *3 (M.D. Tenn. Aug. 27, 2019), and "[i]t is well established that state tolling and saving provisions do not apply to limitations periods established by Congress," id. (citing Wade v. Knoxville Utilities Bd., 259 F.3d 452, 461 (6th Cir. 2001).

Because the Magistrate Judge did not address the statute of limitations, the Court has scoured Plaintiffs' filings in response to the motion to dismiss for any attempt to invoke an exception to this general rule. He appears to raise only one: his disability. Plaintiff appears to seek equitable tolling of the statute of limitation based upon "multiple disabilities that substantially limit [him] in multiple major life activities." (Doc. No. 87 at 1.) He says he is limited "compared to the average college graduate or person," cannot "write or type," "get out of the bed easily," "sit very long," or do "many other things including to organize my documents or wording any better than I have." (Id. at 5.) Plaintiffs limitations go much more to his ability to *prosecute* his case than his ability to *timely file* it. Plaintiff knows how to file cases – this is his ninth lawsuit in this Court. He is an able litigant who in this case alone has made around 100 filings, including multiple requests for extensions. While the Court acknowledges that Plaintiff is confronted with physical limitations, he has not demonstrated how his diligence in filing suit was so hindered that he would have been unable to file this action within two *years* of being evicted. See., e.g., Bullington v. Bedford Cty., Tenn., 905 F.3d 467, 470 (6th Cir. 2018) (important factor is diligence in pursuing one's rights); Price v. Lewis, 119 F. App'x 725, 726 (6th Cir. 2005) (denying equitable tolling where prisoner

made filing 30 days late and had spent 60 days of limitations period in "lock-down" psychiatric unit).

Accordingly, Plaintiff's objections (Doc. Nos. 144, 156) are **OVERRULED**. The Report and Recommendation (Doc. No. 107) is **SET ASIDE**. Defendant's Motion to Dismiss (Doc. No. 84) is **GRANTED**. All other pending motions are denied. The Clerk will enter judgment for Defendants under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE